IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Universal Floor & Wall Systems, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Corro-Shield International, Inc., <br><br> Defendant. | Case No. 14-cv-06525 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Universal Floor & Wall Systems, Inc. ("Universal Floor"), by and through its attorneys, hereby complains of Defendant Corro-Shield International, Inc. ("Corro-Shield") as follows:

## PARTIES

1. Universal Floor is an Illinois corporation with its principal place of business at 520 Ford Lane, Bartlett, IL 60103.

2. Universal Floor has for many years been in the business of installing and maintaining industrial flooring. It specializes in the installation of its patented wood block industrial floor encapsulation systems. Universal Floor holds the rights to U.S. Patent No. 8,327,602, entitled "Method and System for Remediating and Covering Wood Floors" ("the Universal Floor Patent"). One step in the method is the application of epoxy resins to the substrate.

3. Corro-Shield is an Illinois Corporation with its principal place of business at 7059 Barry St., Rosemont, IL 60018.

4. Corro-Shield is a manufacturer of epoxy resins for use in the protection of industrial and commercial floors and walls, and maintains a website at www.corroshield.com ("the Corro-Shield Website"). Over the years, Universal Floor has purchased epoxy products for use in remediating and covering industrial wood block floors.

## JURISDICTION

5. This Court has original and exclusive jurisdiction of the copyright and trademark claims and federal false advertising claims in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has subject matter jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because they are an Illinois corporation with a principal place of business in this judicial district.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a) because Corro-Shield resides in this district.

## UNIVERSAL FLOOR'S COPYRIGHTED PHOTOGRAPHS

8. Universal Floor owns all rights, title, and interest in United States Copyright Registration No. VA 1-847-795 dated February 28, 2013. A true and correct copy of United States Copyright Registration No. VA 1-847-795 is attached as Exhibit A to this Complaint.

9. Universal Floor has standing to sue for the infringement of the works covered by United States Copyright Registration No. VA 1-847-795.

10. United States Copyright Registration No. VA 1-847-795 covers six photographs depicting Universal Floor's patented wood block encasement system (the "Universal Floor Photographs"). A true and correct copy of the Universal Floor Photographs is attached as Exhibit B to this Complaint. One of the Universal Floor Photographs depicts a completed job that was

performed using Universal Floor's wood block encasement system (the "Completed Wood Block Encasement Photograph"). The Completed Wood Block Encasement Photograph is attached as Exhibit C to this Complaint.

## UNIVERSAL FLOOR'S REGISTERED TRADEMARK

11. On December 10, 2013, the United States Patent & Trademark Office ("PTO") issued to Universal Floor U.S. Trademark Registration No. 4,446,729 for the mark UNIVERSAL for use in connection with "installation and maintenance of industrial floors and walls; installation and maintenance of protective and decorative coatings for floors and walls; encapsulation of wood block flooring, namely, application of flexible epoxy coatings to cover wood block flooring." A copy of this registration is attached as Exhibit D to this Complaint.

## CORRO-SHIELD'S INFRINGING ACTIVITY AND FALSE STATEMENTS

12. Corro-Shield does not have authorization, permission, or consent to reproduce or display the Universal Floor Photographs, including the Completed Wood Block Encasement Photograph.

13. Corro-Shield has reproduced and displayed the Completed Wood Block Encasement Photograph throughout the Corro-Shield Website.

14. The Completed Wood Block Encasement Photograph is reproduced and displayed on the homepage of the Corro-Shield Website, at www.corroshield.com.

15. The Completed Wood Block Encasement Photograph is reproduced and displayed within the "Products" section of the Corro-Shield Website, at http://www.corroshield.com/products.html.

16. The Completed Wood Block Encasement Photograph is reproduced and displayed within the "Heavy Duty Flooring System" section of the Corro-Shield Website, at http://www.corroshield.com/heavy-duty-flooring-systems.html.

17. The Completed Wood Block Encasement Photograph is reproduced and displayed within the "Case Studies" section of the Corro-Shield Website, at http://www.corroshield.com/case-studies.html.

18. The Completed Wood Block Encasement Photograph is reproduced and displayed on pdf documents available for download on the Corro-Shield website. Specifically, but without limitation, the Completed Wood Block Encasement Photograph is reproduced and displayed in the "Heavy Duty Flooring System" and "Corro-Shield Marketing" documents available for download on the Corro-Shield website, copies of which are attached as Exhibits E and F to this Complaint.

19. In the "Case Studies" section of the Corro-Shield Website, Corro-Shield states that it "provided" a customer a "Woodblock Encapsulation system." Next to this statement is Universal Floor's Completed Wood Block Encasement Photograph. In truth, the woodblock encapsulation system shown in this photograph was provided and installed by Universal Floor.

20. Corro-Shield has created and distributed a marketing document, attached as Exhibit G to this Complaint, the cover page of which states: "Corro-Shield and Universal Flooring PRESENTS its patented Wood Block Encasement System." On this same cover page is the application number for the Universal Floor Patent. Included within this marketing document are the six copyrighted Universal Floor Photographs. Universal Floor had no involvement in the creation or distribution of this document. Universal Floor did not authorize the use of its

4

registered mark, UNIVERSAL, in this Corro-Shield document. Nor did Universal Floor authorize Corro-Shield to use its copyrighted photographs in this document.

21. On or about November 19, 2013, counsel for Universal Floor provided written notice to Mark McVey, an officer of Corro-Shield, regarding Corro-Shield's infringement of Universal Floor's copyrights and the false statement on the Corro-Shield website that Corro-Shield "provided" a customer a "Woodblock Encapsulation System." Attached to counsel's letter were print-outs from the Corro-Shield website showing Corro-Shield's use of Universal Floor's copyrighted photographs, as well as Corro-Shield's false statement regarding its provision of a woodblock encapsulation system. In this letter, Universal Floor requested that Corro-Shield cease its infringement and correct the false statement regarding its provision of a woodblock encapsulation system. Corro-Shield never responded to the letter, and continues to reproduce and display Universal Floor's copyrighted works, as well as misrepresent its connection and affiliation with Universal Floor.

## COUNT I
## COPYRIGHT INFRINGEMENT

22. Universal Floor repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 above, as if fully set forth herein.

23. The acts of Corro-Shield complained of herein constitute infringement of Universal Floor's registered copyright and exclusive rights under the copyright laws in violation of 17 U.S.C. §§ 106 and 501.

24. Corro-Shield, without the permission or consent of Universal Floor, has reproduced and displayed the Universal Floor Photographs or substantially similar derivatives of the Universal Floor Photographs.

5

25. Corro-Shield has continued to infringe Universal Floor's copyrights by reproducing and displaying the Universal Floor Photographs even after being put on notice of its infringement.

26. Corro-Shield's acts of infringement have continued despite notice and therefore are willful and intentional, in disregard of and indifference to Universal Floor's rights.

27. As a direct and proximate result of said infringement by Corro-Shield, Universal Floor has been damaged.

28. Universal is entitled to damages based on Corro-Shield's profits attributable to its infringing conduct, pursuant to 17 U.S.C. § 504(b).

29. Universal Floor is further entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

30. As a direct and proximate result of the foregoing acts and conduct, Universal Floor has also sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Universal Floor is entitled to injunctive relief to restrain and enjoin Corro-Shield's continuing infringing conduct pursuant to 17 U.S.C. §502.

## COUNT II

### TRADEMARK INFRINGEMENT – 15 U.S.C. §§ 1114 and 1125(a)

31. Universal Floor repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 above, as if fully set forth herein.

32. Corro-Shield's unauthorized use in commerce of the UNIVERSAL® trademark in connection with the sale, offer for sale, distribution, and/or advertising of its goods and services is likely to cause confusion and constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

33. As a direct and proximate result of Corro-Shield's infringing activities, Universal Floor has been damaged. Pursuant to 15 U.S.C.§ 1117, Universal Floor is entitled to recover its damages based on Corro-Shield's profits, and the costs of this action.

34. Corro-Shield's use of the UNIVERSAL trademark was intentional, entitling Universal Floor to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

35. As a direct and proximate result of the foregoing acts and conduct, Universal Floor has also sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Universal Floor is entitled to injunctive relief to restrain and enjoin Corro-Shield's continuing violations of the Lanham Act pursuant to 15 U.S.C. § 1116(a).

## COUNT III

### FALSE ADVERTISING UNDER THE LANHAM ACT

36. Universal Floor repeats and re-alleges each and every allegation contained in paragraphs 1 through 21 above, as if fully set forth herein.

37. In violation of 15 U.S.C. § 1125(a), Corro-Shield has made false or misleading representations in interstate commerce about Corro-Shield's ownership of, and association with, Universal Floor's trademark UNIVERSAL, as well as Universal Floor's patented method and system for remediating and covering wood floors. Such representations improperly suggest sponsorship, endorsement, approval, affiliation, or association with Universal Floor, and are material in that they are likely to influence the purchasing decisions of individuals or companies within the market for the installation, remediation, and maintenance of industrial flooring. Such representations have, at least, the capacity to deceive a substantial segment of the relevant consumers, and are likely to cause injury to Universal Floor.

38. Universal Floor has been and is likely to continue to be injured as a result of Defendants' false and misleading misrepresentations.

39. Corro-Shield's misrepresentations have been willful.

40. As a direct and proximate result of Corro-Shield's conduct, Universal Floor has been damaged in an amount based on Corro-Shield's profits and damages sustained by Universal Floor.

41. Universal Floor is further entitled to its costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

42. As a direct and proximate result of the foregoing acts and conduct, Universal Floor has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Universal Floor is entitled to injunctive relief to restrain and enjoin Corro-Shield's continuing violations of the Lanham Act pursuant to 15 U.S.C. § 1116(a).

## COUNT IV

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS § 505/1 *et seq*

43. Universal Floor repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 above, as if fully set forth herein.

44. In violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2, Corro-Shield, while engaged in trade and commerce, misrepresented its ownership of, and association with, Universal Floor's patented method and system for remediating and covering wood floors. Upon information and belief, such misrepresentations were done with the intent that customers would rely on this misrepresentation.

45. Universal Floor has been and is likely to continue to be injured as a result of Defendants' misrepresentations and deceptive practices.

46. Universal Floor is entitled to actual and punitive damages for the false and misleading statements made by Corro-Shield.

47. Universal Floor is further entitled to an award of its costs and attorneys' fees pursuant to 815 ILCS 505/10a.

48. As a direct and proximate result of the foregoing acts and conduct, Universal Floor has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Universal Floor is entitled to injunctive relief to restrain and enjoin Corro-Shield's continuing violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act.

## COUNT V

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS § 510/1 *et seq*

49. Universal Floor repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 above, as if fully set forth herein.

50. Corro-Shield has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, by, without limitation, using Universal Floor's registered trademark, using Universal Floor's copyrighted photographs, and misrepresenting its ownership of, and association with, Universal Floor's patented method and system for remediating and covering wood floors, in a deceptive and misleading manner.

51. Corro-Shield's violations of the Illinois Uniform Deceptive Trade Practices Act have been willful.

52. Corro-Shield's actions have damaged Universal Floor, and Universal Floor is also entitled to injunctive relief to restrain and enjoin Corro-Shield's continuing violations of the Illinois Uniform Deceptive Trade Practices Act.

53. Universal Floor is entitled to an award of its costs and attorneys' fees pursuant to 815 ILCS 510/3.

## **PRAYER FOR RELIEF**

WHEREFORE, Universal Floor prays for relief against Corro-Shield as follows:

a. For entry of a permanent injunction prohibiting Corro-Shield, and all persons acting in concert or participating with Corro-Shield, from continuing to infringe Universal Floor's copyrights in the Universal Floor Photographs (17 U.S.C. § 502);

b. For the Court to order the impoundment and destruction of all materials containing copies of the Universal Floor Photographs (17 U.S.C. § 503);

c. For an award of Universal Floor's actual damages sustained as a result of Corro-Shield's copyright infringement, in such amount as may be found (17 U.S.C. § 504(b));

d. For an award of Corro-Shield's profits that are attributable to Corro-Shield's copyright infringement, in such amount as may be found (17 U.S.C. § 504(b));

e. For an award of statutory damages attributable to Corro-Shield's copyright infringement (17 U.S.C. § 504(c));

f. For an increase in the award of statutory damages due to the willfulness of Corro-Shield's copyright infringement (17 U.S.C. § 504(c));

g. For entry of a permanent injunction prohibiting Corro-Shield, and all persons acting in concert or participating with Corro-Shield, from continuing to infringe Universal Floor's registered trademark and from continuing to make false and misleading statements regarding Corro-Shield's association with Universal Floor's patented method and system (15 U.S.C. § 1116);

h. For an award of Corro-Shield's profits and Universal Floor's actual damages attributable to Corro-Shield's trademark infringement and Corro-Shield's false and misleading statements regarding Corro-Shield's association with Universal Floor's patented method and system (15 U.S.C. § 1117(a));

i. For an award of the costs and attorney's fees incurred in this action (15 U.S.C. § 1117(a));

j. For an award of treble damages and reasonable attorney's fees attributable to Corro-Shield's intentional trademark infringement (15 U.S.C. § 1117(b));

k. For an award of statutory damages attributable to Corro-Shield's trademark infringement (15 U.S.C. § 1117(c));

l. For an increase in the award of statutory damages due to the willfulness of Corro-Shield's trademark infringement (15. U.S.C. § 1117(c));

m. For the Court to order Corro-Shield to surrender for destruction all materials constituting infringement of Universal Floor's registered trademark of on which Corro-Shield has made false and misleading statements regarding Corro-Shield's association with Universal Floor's patented method and system (15 U.S.C. § 1118);

n. For an award of actual and punitive damages attributable to Corro-Shield's violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (815 ILCS 505/10a(a));

o. For the entry of a permanent injunction prohibiting Corro-Shield, and all persons acting in concert or participating with Corro-Shield, from continuing to make false and misleading statements regarding Corro-Shield's association with Universal Floor's patented method and system (815 ILCS 505/10a(c));

p.  For an award of reasonable attorney's fees and costs resulting from Corro-Shield's violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (815 ILCS 505/10a(c));

q.  For the entry of a permanent injunction prohibiting Corro-Shield, and all persons acting in concert or participating with Corro-Shield, from continuing to use Universal Floor's registered trademark, continuing to display and distribute Universal Floor's copyrighted photographs, and continuing to misrepresent its ownership of, and association with, Universal Floor's patented method and system for remediating and covering wood floors (815 ILCS 510/3);

r.  For an award of reasonable attorney's fees and costs resulting from Corro-Shield's violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/3);

s.  For an award of prejudgment interest according to law;

t.  For an award of such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Universal Floor & Wall Systems, Inc. demands a trial by jury on all issues so triable before this Court.

Respectfully submitted,

/s/ William L. Niro
William L. Niro
Daniel R. Ferri
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
wniro@nshn.com
dferri@nshn.com;
Attorneys for Plaintiff